**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Salvador ROMERO, Defendant–Appellant.**

No. 96–56392.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 1999.[1]

Decided July 20, 1999.

---

1. The panel is of the unanimous opinion that this case is suitable for disposition without oral argument. Fed. R.App. P. 34(a)(2).

**1146**

Salvador Romero, Pro per, Fort Worth, Texas, defendant-appellant.

Becky S. Walker, Assistant United States Attorney, Criminal Appeals Section, Central District of California, Los Angeles, California, for the plaintiff-appellee.

Before: BRUNETTI, RYMER, and SILVERMAN, Circuit Judges.

SILVERMAN, Circuit Judge:

Salvador Romero appeals pro se the denial of his 28 U.S.C. § 2255 motion challenging the validity of his guilty plea to use of a firearm in relation to a drug offense. *See* 18 U.S.C. § 924(c)(1). Romero correctly notes, and the government concedes, that his conduct is insufficient to sustain the conviction under the "use" prong. Moreover, although Romero admitted facts sufficient to satisfy the "carry" prong of § 924(c), we conclude that his conviction cannot be sustained under this theory because the government only charged Romero with "use" of a firearm. Thus, we reverse and remand for vacatur and resentencing on the substantive drug charge.

### FACTUAL AND PROCEDURAL BACKGROUND [2]

On December 18, 1992, Romero was charged with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and using a firearm in connection with the underlying drug offense, in violation of 18 U.S.C. § 924(c)(1). With regard to the § 924(c) charge, the indictment alleged that Romero "knowingly used a firearm, namely a 9mm handgun, model TA90, serial G21944 during and in relation to a drug trafficking crime, namely the possession with intent to distribute . . . methamphetamine."

On February 11, 1993, Romero pled guilty to the foregoing counts, admitting that he was carrying a loaded 9mm handgun in his waistband when he was arrested. The district court accepted Romero's plea and sentenced him to 180 months imprisonment.

After Romero was convicted and sentenced, the Supreme Court held that "use of a firearm" requires a showing of active employment of a firearm, and that mere possession is insufficient to sustain a conviction pursuant to § 924(c). *See Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). As such, Romero filed a § 2255 motion to set aside his conviction. Finding that Romero's conduct and admission could sustain his conviction on a "carry theory," the district court denied relief. This timely appeal follows.

---

**2.** Because most of the underlying facts are undisputed, we need only set forth those facts and the procedural history relevant to our resolution of this appeal.

## DISCUSSION

Because the government concedes that there is insufficient evidence to sustain Romero's conviction on the "use" prong, the only question before us is whether his conviction may be sustained under a carry theory. We hold that it cannot.

Although we have not directly addressed the issue, three other circuits have. *See Rattigan v. United States,* 151 F.3d 551, 556–57 (6th Cir.1998); *United States v. Golden,* 102 F.3d 936, 948 (7th Cir.1996); *United States v. Wacker,* 72 F.3d 1453, 1464 n. 8 (10th Cir.1995).

In *Wacker,* the evidence at trial clearly established that the defendant was carrying the firearm on her person. 72 F.3d at 1464. However, the Tenth Circuit refused to remand for reconsideration whether the defendant could be liable on a carry theory because she was only charged with using the firearm. *See id.* at 1464 n. 8. Likewise, in *Golden* and *Rattigan,* the Seventh and Sixth Circuits, respectively, reversed defendants' convictions outright where the government only charged them with use of a firearm, despite the fact that evidence supported a finding of carrying. *See Golden,* 102 F.3d at 948; *Rattigan,* 151 F.3d at 556–57.

The reasoning of our sister circuits is persuasive and finds support in the recent Supreme Court decision of *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In *Bousley,* the Court addressed the "permissibility of post-*Bailey* collateral attacks on § 924(c)(1) convictions obtained pursuant to guilty pleas." *Id.* at 1608–09. The Court held that a criminal defendant who has pled guilty to a § 924(c)(1) charge is entitled to habeas relief if he can establish "actual innocence" of the charge under *Bailey.* Where the government charged only the use of a firearm, a "petitioner need demonstrate no more than he did not 'use' a firearm as that term is defined in Bailey." *Id.* at 1612. Thus, Romero is entitled to have his conviction vacated if he can demonstrate, in light of all the evidence, that "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 1611.

Here, Romero was charged only with use of a firearm. Indisputably, the evidence is insufficient to support his conviction under the "use" prong of § 924(c)(1). Because Romero was not charged with carrying a firearm, we reverse and remand to the district court with instructions to vacate the defendant's conviction as to this count. *See United States v. Barron,* 172 F.3d 1153, 1157–58 (9th Cir.1999) (en banc) (holding that proper remedy in § 2255 motion pursuant to *Bailey* is vacatur of conviction, rather than recission of entire plea agreement). Further, this matter is remanded to the district court for resentencing on Count I, the substantive drug charge. *See United States v. Handa,* 110 F.3d 42, *amended,* 122 F.3d 690 (9th Cir. 1997).

**REVERSED AND REMANDED.**