**Donald LORENTSEN, Petitioner–Appellant,**

v.

**Robert A. HOOD,[1] Warden, Federal Correctional Institution Sheridan OR, Respondent–Appellee.**

No. 99–35147.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2000

Filed Aug. 11, 2000

---

**1.** Robert A. Hood is substituted for Joseph Crabtree, Warden, FCI Sheridan, pursuant to Fed. R.App. P. 43(c)(2).

Michael R. Levine, Assistant Federal Public Defender, Portland, Oregon, for the petitioner-appellant.

Thomas E. Flynn, Assistant United States Attorney, Chief of Appeals, Sacramento, California, for the respondent-appellee.

Before: NOONAN, GRABER, and FISHER, Circuit Judges.

GRABER, Circuit Judge:

Petitioner Donald Lorentsen appeals from the judgment of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We hold that the district court lacked jurisdiction, and we remand the case with instructions to dismiss the petition.

## FACTUAL BACKGROUND

After a lengthy investigation, narcotics officers executed a search warrant at a residence in Fresno County, California. When the officers announced their presence, Petitioner emerged from a shed on the property with a pistol in his hand. He was arrested.

Inside the shed, the officers discovered methamphetamine, weapons, and drug paraphernalia. They also found a key ring that was marked with Petitioner's name. One of the keys on the ring fit the ignition of a pickup truck that was parked nearby. Inside a locked toolbox that was contained within a larger storage box in the bed of the truck, the officers found a short-barreled shotgun.

During the surveillance that led to this search, officers had observed Petitioner driving the pickup truck several times and had seen the truck parked outside Petitioner's motel room. On the day of the search, however, Petitioner had been seen driving a different car, and no witness testified that Petitioner had driven the truck that day.

## PROCEDURAL HISTORY

Petitioner was indicted on multiple counts. In Count 4, the grand jury charged that Petitioner "did knowingly use and carry a firearm, to wit, [the short-

barreled shotgun], all in violation of Title 18, United States Code, Section 924(c)(1)."

Petitioner was convicted of each charged offense, including Count 4. The district court sentenced Petitioner to a total of 212 months' imprisonment, 120 months of which were for Count 4.[2]

On direct appeal, we affirmed Petitioner's convictions and sentence, and the Supreme Court denied his petition for a writ of certiorari. *See United States v. Rafanan,* 976 F.2d 739, 1992 WL 231118 (9th Cir.1992) (table) (affirming the convictions and sentences of both Petitioner and his co-defendant Alfred Rafanan), *cert. denied sub nom. Lorentsen v. United States,* 507 U.S. 939, 113 S.Ct. 1333, 122 L.Ed.2d 717 (1993).

More than two and one-half years later, Petitioner filed a pro se motion under 28 U.S.C. § 2255. He claimed, in part, that his trial and appellate counsel had been constitutionally ineffective for failing to argue that the evidence was insufficient to support his conviction on Count 4. Specifically, Petitioner contended that his lawyers should have argued that "[t]he phrase 'uses or carries a firearm' means having a firearm, or firearms, available to assist or aid in the commission of the alleged crimes."

While Petitioner's motion under § 2255 was pending, the Supreme Court decided *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Under the definition of "use" of a firearm set forth in *Bailey,* which requires "active employment" of the gun, *id.* at 142, 116 S.Ct. 501, Petitioner did not "use" the shotgun.[3]

The district court denied Petitioner's § 2255 motion on February 1, 1996. Petitioner did not appeal.

On June 3, 1996, Petitioner and the government filed a stipulation that Petitioner's "underlying conduct with respect to Count 4" was insufficient to show that he had "use[d]" the shotgun under *Bailey.* The parties also stipulated that the evidence was insufficient to show that Petitioner had "carr[ied]" the shotgun under our decision in *United States v. Hernandez,* 80 F.3d 1253 (9th Cir.1996). In that case we held that, "in order to be convicted of 'carrying' a gun in violation of section 924(c)(1), the defendant must have transported the firearm on or about his or her person. This means the firearm must have been immediately available for use by the defendant." *Id.* at 1258 (citation omitted).

The district court construed the stipulation as a second or successive motion under § 2255. The court then ruled that it lacked jurisdiction to consider the successive motion because Petitioner had failed to obtain prior certification from this court, as required by 28 U.S.C. §§ 2244(b)(3) and 2255.

Petitioner moved in this court for certification of his second or successive motion under § 2255 and, in *United States v. Lorentsen,* 106 F.3d 278 (9th Cir.1997) (*Lorentsen I*), we denied the motion for certification. Under AEDPA, a second or successive § 2255 motion may be certified only if based on "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable." In *Lorentsen I,* we concluded that Petitioner's *Bailey* claim was a statutory claim

---

**2.** Petitioner also was convicted of using a pistol during a drug offense (Count 3). On Count 3, the court imposed a sentence of 60 months but directed that this sentence be vacated if Petitioner's conviction on Count 4 were upheld. *See United States v. Smith,* 924 F.2d 889 (9th Cir.1991) (holding that only one consecutive sentence may be imposed for violations of § 924(c) that are not supported by separate predicate drug offenses). Petitioner's current sentence does not include the 60

months imposed on Count 3, because Petitioner's challenges to Count 4 have been unsuccessful so far.

**3.** There is no evidence that Defendant brandished or otherwise handled the shotgun (Count 4). By contrast, Defendant did brandish the pistol (Count 3) when he emerged from the methamphetamine laboratory to confront the police.

that was based neither on "newly discovered evidence" nor on "a new rule of constitutional law."

After we issued our decision in *Lorentsen I*, Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Initially, the district court vacated Petitioner's conviction on Count 4, concluding that, under *Bailey*, Petitioner had not "use[d]" the short-barreled shotgun. On August 3, 1998, however, the district court granted the government's motion to reconsider in the light of *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), which held that a firearm was "carr[ied]" in a vehicle even if it was not immediately accessible, thereby overruling our decision in *Hernandez*. The district court concluded that there was circumstantial evidence that, under *Muscarello*, Petitioner had carried the shotgun in the pickup truck. Because Count 4 of the indictment referred to both "us[ing]" and "carry[ing]" the shotgun, the court reasoned, Petitioner's conviction on that count was valid.

This timely appeal ensued.

## DISCUSSION

As we held in *Lorentsen I*, Petitioner's *Bailey* claim may not be presented by a second or successive motion under § 2255 because Congress has determined that second or successive motions may not contain statutory claims. The issue here is whether Petitioner can avoid that limitation by petitioning for relief under the habeas statute, § 2241.

■ In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997) (holding that, in general, "[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241"). However, § 2255 contains the following "escape hatch," which is

the focus of the parties' arguments in this case:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(Emphasis added.)

■ *Moore v. Reno*, 185 F.3d 1054 (9th Cir.1999), establishes a baseline rule that § 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255. In *Moore*, the defendant had filed five § 2255 motions. The fifth motion came after the enactment· of AEDPA; the district court dismissed it because this court had not authorized it as required by 28 U.S.C. §§ 2244(b)(3) and 2255. The defendant then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court dismissed the petition because the defendant "had failed to show that § 2255 was an inadequate remedy." *Id.* at 1055. This court affirmed, holding that "the dismissal of a subsequent § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inadequate remedy." *Id.* Thus, the general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 "inadequate or ineffective."

■ Although it provides a starting point, *Moore* does not resolve the parties' dispute, because it does not discuss the circumstances in which a habeas petitioner may be eligible to establish an exception to the general rule. Petitioner argues that § 2255 is "inadequate or ineffective" as applied to him because he is innocent of the crime for which he has been confined

but has had no prior opportunity to test the legality of that confinement (because *Bailey* was decided after his conviction became final). We have not considered when, or whether, a federal prisoner may resort to § 2241 in order to avoid the limitations on second or successive petitions contained in § 2255. Other circuits have held that, in limited circumstances, such resort is allowable. *See, e.g., Wofford v. Scott,* 177 F.3d 1236 (11th Cir.1999); *In re Davenport,* 147 F.3d 605 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245 (3d Cir.1997). Although the precise formulations vary, each of those cases holds, in essence, that a federal prisoner who is "actually innocent" of the crime of conviction, but who never has had "an unobstructed procedural shot" at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed.

We need not decide whether to embrace such a construction of the escape hatch in § 2255, however, because it is clear that Petitioner is not "actually innocent" of Count 4. Even if we were to follow our sister circuits' interpretation of the statute, an issue that we do not decide in this appeal, Petitioner would not be entitled to relief.

In *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." (Internal quotation marks omitted.) Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. *See Dejan v. United States,* 208 F.3d 682, 686 (8th Cir. 2000). In making or rebutting this showing, the parties are not limited to the existing trial record; the issue is "factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623, 118 S.Ct. 1604.

The Supreme Court held that the petitioner in *Bousley* was not required to prove that he was actually innocent both of using and of carrying the gun at issue because, in that case, the government had charged the petitioner only with "using" the gun. *See Bousley,* 523 U.S. at 624, 118 S.Ct. 1604; *see also United States v. Romero,* 183 F.3d 1145 (9th Cir.1999) (holding that a defendant's invalid conviction of "using" a gun cannot be sustained on the basis that the defendant had "carried" the gun when the defendant was not charged with carrying the gun). Here, by contrast, the government charged Petitioner with both using *and* carrying the short-barreled shotgun. Accordingly, in order to prove that he is actually innocent of Count 4, Petitioner must demonstrate that he is actually innocent *both* of using *and* of carrying the gun.

Petitioner contends, first, that the government *abandoned* the "carry[ing]" charge. We disagree. The charge clearly is contained in the indictment, which we have quoted above; the government referred to the carrying charge in its closing argument; both Petitioner and the government requested jury instructions on "carrying" the shotgun; and the jury was instructed on the definition of "carrying." Moreover, after trial, both parties assumed that the carrying charge remained in the case. Petitioner's original motion under § 2255, for example, argued that he "did not knowingly carry and use a firearm." Similarly, during post-conviction proceedings the government argued that "the jury in this case was instructed on the 'carrying' prong of the statute." Also, the parties' stipulation addressed both the "us[ing]" and the "carry[ing]" provisions of 18 U.S.C. § 924(c)(1).

■ Petitioner next contends that the government *stipulated* that he is innocent of the crime of carrying the shotgun. We agree with Petitioner that the government is bound by the *facts* to which it stipulated.

*See United States v. Shapiro,* 879 F.2d 468, 470–71 (9th Cir.1989) ("Stipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions. This general rule is especially applicable where the United States government is a party to the agreement.") (internal citations and quotation marks omitted). Nonetheless, our ultimate decision concerning the *legal effect* of those admitted facts is not and could not be controlled by the parties' stipulation. *See United States v. Miller,* 822 F.2d 828, 832 (9th Cir.1987) (" 'If the stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative, since the court cannot be controlled by agreement of counsel on a subsidiary question of law.' " (quoting *Swift & Co. v. Hocking Valley Ry. Co.,* 243 U.S. 281, 289, 37 S.Ct. 287, 61 L.Ed. 722 (1917))). Accordingly, the stipulation does not determine the outcome of our analysis respecting Petitioner's alleged innocence of the crime of carrying the shotgun.

▮ The government stipulated that Petitioner's "underlying conduct" did not meet the definition of "carry[ing]" a firearm set forth in *Hernandez.* Reading the stipulation and *Hernandez* together, we conclude that the government stipulated to the facts that Petitioner did not "transport the [shotgun] on or about his person," *Hernandez,* 80 F.3d at 1258, and that the shotgun was not "immediately available" for Petitioner's use, *id.* The difficulty for Petitioner, however, is that "carry[ing]" a gun under § 924(c)(1) *does not require* transporting it "on or about [one's] person" or having it "immediately available" for use. In *Muscarello,* 118 S.Ct. at 1919, the Supreme Court explained that a gun is "carr[ied]" within the meaning of the statute if it is conveyed in the trunk or the locked glove compartment of a car. *See also United States v. Foster,* 165 F.3d 689 (9th Cir.1999) (en banc) (holding that a gun that was found in a sealed bag under a tarp in the bed of the defendant's truck had been "carr[ied]" within the meaning of the statute). Petitioner thus cannot prove his "actual innocence" by relying on the stipulated facts.

Finally, we reach Petitioner's basic claim that the evidence in the record shows that he is "actually innocent" of the charge that he carried the short-barreled shotgun. We conclude that Petitioner has not proved by a preponderance of the evidence that *no* reasonable juror would have convicted him of carrying the shotgun. Before his arrest, Petitioner had been observed driving the pickup truck in which the shotgun was found to the location of the methamphetamine laboratory, and the truck had been seen parked outside his motel room. At the time of his arrest, Petitioner had the truck's ignition key on his personalized key ring, and the truck was parked outside his methamphetamine laboratory. In addition, he was arrested emerging from a shed that contained drug paraphernalia and weapons, and the pickup truck likewise contained drug paraphernalia and weapons.

One of Petitioner's co-conspirators testified that the pickup truck belonged to Petitioner, that he had seen Petitioner drive the truck, and that he never had seen anyone else drive the truck. Finally, at no time during these proceedings has Petitioner submitted a declaration (or any other evidence) suggesting that he did not drive the pickup truck to the methamphetamine lab on the day of his arrest or that the shotgun was not in the truck when he drove it to the methamphetamine lab that day.

Even if Plaintiff did not bear the burden of proof, he would lose on this record. Considering all the evidence, a reasonable juror could have concluded that the government had proved beyond a reasonable doubt that Petitioner arrived at the methamphetamine lab in the pickup truck on the day of his arrest and that the shotgun

was in the truck's lockbox at that time.[4] Under *Bousley* and *Muscarello*, Petitioner is not "actually innocent" of carrying the shotgun.

Accordingly, under any of the standards employed by our sister circuits, Petitioner could not invoke successfully the escape hatch of § 2255. Therefore, under any reading of the statutes, he was not entitled to proceed under § 2241 and the district court did not have jurisdiction over his petition. The action must be dismissed.

As noted above, because we resolve the case on this basis, we need not decide if a federal prisoner can invoke the inadequate-or-ineffective-remedy escape hatch in order to avoid § 2255's ban on second or successive motions based on intervening statutory decisions. That issue must await another day.

VACATED and REMANDED with instructions to dismiss Petitioner's § 2241 petition for lack of subject matter jurisdiction.

---

4. We recognize that, later in the day, Petitioner was observed driving a maroon car to the same location; however, this fact does not preclude a finding that, earlier in the day, Petitioner had arrived in the pickup truck.