Donaciano HERNANDEZ–ESCARSEGA, Petitioner–Appellant,

v.

E.W. MORRIS, Warden, Respondent–Appellee.

No. 01–6370.

United States Court of Appeals, Tenth Circuit.

May 3, 2002.

**182**

Before BARRETT, PORFILIO, and BRORBY, Senior Circuit Judges.

ORDER AND JUDGMENT *

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Donaciano Hernandez–Escarsega, a federal prisoner appearing *pro se,* appeals the district court's denial of his habeas petition brought under 28 U.S.C. § 2241. We affirm.

Mr. Hernandez–Escarsega is incarcerated on several charges related to his involvement in a marijuana distribution scheme as explained in *United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1563 (9th Cir.1989), *cert. denied,* 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990). Of particular relevance to this appeal, the United State District Court for the Southern District of California sentenced Mr. Hernandez–Escarsega to thirty-five years[1] imprisonment for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.

On direct appeal, Mr. Hernandez–Escarsega challenged the district court's jury instruction on the continuing criminal enterprise count. *Hernandez–Escarsega,* 886 F.2d at 1572. He argued the district court "compromised his constitutional right to a unanimous verdict by failing to instruct the jury that it must unanimously agree on what three acts satisfied section 848's continuing series requirement." *Id.* In considering the appeal, the Ninth Circuit did not reach the issue of whether there was instructional error, because "the facts support the conclusion that the jury unanimously agreed on three predicate offenses." *Id.* Thus, the Ninth Circuit affirmed the continuing criminal enterprise

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The district court originally sentenced Mr. Hernandez–Escarsega to forty years on the continuing criminal enterprise charge, *Hernandez–Escarsega,* 886 F.2d at 1563, but later reduced the sentence to thirty-five years.

conviction. *Id.* at 1573. Mr. Hernandez–Escarsega appealed to the Supreme Court but was denied a writ of certiorari. *HernaNdez–Escarsega v. United States,* 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990).

Mr. Hernandez–Escarsega began his attempts for habeas relief approximately seven years after his conviction and sentence were final. The United States District Court for the Southern District of California dismissed his first habeas petition, brought under 28 U.S.C. § 2255 because it was not filed within the one-year statute of limitations in 28 U.S.C. § 2244(d). This petition did not assert any claim involving the continuing criminal enterprise jury instruction.

Over a year later, the Supreme Court decided *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). *Richardson* held "a jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Id.* at 815, 119 S.Ct. 1707.

Mr. Hernandez–Escarsega then sought permission to file a second § 2255 petition based on the *Richardson* decision. The Ninth Circuit denied the request holding he had not made a prima facie showing of

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Mr. Hernandez–Escarsega then filed the § 2241 petition that is the subject of this appeal, again challenging the continuing criminal enterprise jury instruction. The United States District Court for the Western District of Oklahoma, dismissed the petition. The district court first found Mr. Hernandez–Escarsega was not entitled to relief under § 2241 because he "ha[d] not presented evidence of actual innocence but [was] really arguing legal innocence." In the alternative, the court held the § 2241 claim should be dismissed on the merits because "the appellate court on direct appeal found that any error committed by the trial court was harmless."

▮ "We review the district court's denial of [Mr. Hernandez–Escarsega's] habeas corpus petition de novo." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996). We agree Mr. Hernandez–Escarsega is not entitled to relief under § 2241. Typically, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity." *Haugh v. Booker,* 210 F.3d 1147, 1149 (10th Cir.2000) (quotation marks and citation omitted). In contrast, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Id.*[2] By arguing the trial court gave an incorrect jury instruction, Mr. Hernandez–Escarsega is challenging the validity of his sentence. Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw,* 86 F.3d at 166. Mr. Hernandez–Escarsega can only challenge the validity of his sentence with a § 2241

---

**2.** We would not have jurisdiction over a § 2255 petition filed by Mr. Hernandez–Escarsega as § 2255 must be filed in "the district that imposed the sentence." *Haugh,* 210 F.3d at 1149. We do however, have jurisdiction under 28 U.S.C. § 1291 to review the denial of a § 2241 petition properly "filed in the district where the prisoner is confined." *Id.*

petition if he shows § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

Mr. Hernandez–Escarsega argues § 2255 is inadequate and ineffective because "(1) *Richardson* was decided after his first § 2255 Motion; (2)[he] was denied 28 U.S.C. § 2244 certification to file a second or successive § 2255 Motion; [and] (3)[he] is entitled to judicial review of his *Richardson* claim." We have held "[f]ailure to obtain relief under [§ ] 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Bradshaw,* 86 F.3d at 166. Furthermore, "the mere fact [Mr. Hernandez–Escarsega] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir.1999). Mr. Hernandez–Ecarsega argues *Caravalho* is not applicable because there the court was not faced with an intervening change in the law. However, we have applied *Caravalho* in a similar instance when a prisoner was seeking § 2241 relief due to the intervening *Richardson* decision. *Myers v. Booker,* No. 00–3232, 2000 WL 1595967 (10th Cir. Oct.26, 2000) (unpublished decision).[3] For us to consider Mr. Hernandez–Escarsega's § 2241 petition, he must show something more than the fact he was not permitted to file a successive § 2255 petition.

Mr. Hernandez–Escarsega argues he should be able to present his § 2241 claim because he is "legally and factually innocent." Other circuits allow "a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed." *Lorentsen v. Hood,* 223 F.3d 950, 954 (9th Cir.2000) (describing construction of federal habeas statutes in other jurisdictions). We have not adopted such a construction of the habeas statues, and do not need to decide whether to embrace that construction in this case.

Assuming, without deciding, actual innocence would merit our consideration of his § 2241 petition, Mr. Hernandez–Escarsega has not made the requisite showing. In order to invoke the actual innocence exception, other circuits require the petition to show factual innocence rather than legal innocence. *See, e.g., Reyes–Requena v. United States,* 243 F.3d 893, 903–04 (5th Cir.2001); *Triestman v. United States,* 124 F.3d 361, 379–80 (2d Cir.1997). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quotation marks and citation omitted). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes–Requena,* 243 F.3d at 903. Mr. Hernandez–Escarsega argues he is innocent "because he was not convicted of the three (3) predicate offenses required to render a guilty verdict on [the continuing criminal enterprise count]." This is an argument for legal innocence rather than factual innocence. *See Jeffers v. Chandler,* 253 F.3d 827, 831 (5th Cir.) (holding petitioner's argument he was " 'actually innocent' under *Richardson* because the jurors were never instructed that they had to unanimously convict him on each of the specific violations that made up the alleged continuing series of violations" did not amount to a claim of actual innocence), *cert. denied,* —— U.S. ——, 122 S.Ct. 476, 151 L.Ed.2d 390 (2001). Consequently, it shows the consistency of our decisions.

---

**3.** We recognize *Myers* is not binding precedent under Tenth Circuit Rule 36.3. Never-

quently, Mr. Hernandez–Escarsega is not entitled to relief under § 2241.

Mr. Hernandez–Escarsega has filed a motion to amend his prayer for relief. Because we conclude Mr. Hernandez–Escarsega is not entitled to any relief, this motion is moot.

Lastly, we consider Mr. Hernandez–Escarsega's motion to proceed in forma pauperis. To proceed in forma pauperis, he "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir.1991). Because Mr. Hernandez–Escarsega's petition presents only frivolous legal arguments in support of his assertions, we deny his request to proceed in forma pauperis.

For these reasons we AFFIRM the district court opinion dismissing Mr. Escarsega's § 2241 petition and deny his motion to proceed in forma pauperis.