**Thomas Ray KENNEDY, III, Petitioner–Appellant,**

v.

**Al HERRERA, Warden, Respondent–Appellee.**

No. 02–55784.

D.C. No. CV–01–07287–MMM.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM**

Thomas Ray Kennedy, III appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), we affirm.

Kennedy seeks to raise a claim under *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). He contends that he may do this via § 2241 because he has already filed one 28 U.S.C. § 2255 motion, and he cannot raise a *Richardson* claim in a successive § 2255 motion. However, a federal prisoner seeking to challenge his conviction generally must do so by way of a § 2255 motion filed in the sentencing court. *See Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir.2000). Kennedy has failed to demonstrate that § 2255 is "inadequate or ineffective" to test the legality of his detention due to either the restrictions on the filing of second or successive motions, *id.,* or his actual innocence, *id.* at 954 (declining to decide whether federal prisoners who are actually innocent may resort to § 2241 when relief is not available under § 2255 because the petitioner had not shown actual innocence) (citing *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). The district court therefore properly dismissed Kennedy's petition. *See id.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

at 956.[1]

**AFFIRMED.**

1. We do not address Kennedy's Suspension Clause argument because it is not included in the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

