**Christopher M. EDWARDS, Petitioner—Appellant,**

v.

**UNITED STATES of America, Respondent—Appellee.**

No. 03–16889.

D.C. No. CV–03–00425–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Sept. 1, 2004.

Treva J. Hearne, Law Offices of Hager And Hearne, Reno, NV, for Petitioner–Appellant.

Daniel G. Bogden, Craig S. Denny, Reno, NV, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Christopher M. Edwards appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing *de novo, Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), we affirm.

Although Edwards completed his sentence prior to this appeal, because he is attempting to challenge his underlying conviction, his appeal is not moot. *See United States v. Palomba,* 182 F.3d 1121, 1123 n. 3 (9th Cir.1999) ("Although there is no standing to challenge an improper but completed sentence when only the length of sentencing is at issue, there is a presumption of collateral consequences sufficient for standing if the correctness of the conviction is at issue.").

As the district court stated in its order of September 12, 2003, Edwards may not circumvent the procedural requirements of 28 U.S.C. § 2255 by filing a § 2241 petition. A federal prisoner seeking to challenge his conviction generally must do so by way of a § 2255 motion filed in the sentencing court. *See Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir.2000). Edwards has failed to demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." *Id. (quoting* 28 U.S.C. § 2255). The district court thus properly dismissed Edwards' petition.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.