* This panel unanimously finds this case suitable for decision without oral argument. *See*

Further, the IJ improperly denied Virk's asylum claim as a matter of discretion based, at least in part, on the unsupported adverse credibility determination. *See Kalubi,* 364 F.3d at 1135, 1138–39 ("If an applicant's testimony on an issue is found credible for purposes of determining whether he is eligible for asylum, he cannot be found incredible on the same issue for purposes of determining whether he is entitled to asylum.").

We grant the petition for review and remand for the BIA to consider whether, taking Virk's testimony as true, he has shown eligibility for asylum, withholding of removal and protection under CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED**

**Bryan Lamar BLANTON, Petitioner—Appellant,**

v.

**Jeff WRIGLEY, Warden, Respondent—Appellee.**

**No. 05–56225.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Bryan L. Blanton, a federal prisoner, appeals pro se the dismissal without prejudice of his 28 U.S.C. § 2241 habeas corpus petition challenging the career offender enhancement of his sentence for armed bank robbery and other crimes. The district court correctly concluded that Blanton must challenge his sentence in a motion under 28 U.S.C. § 2255. *See Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir.2000). As Blanton states, his § 2255 motion is pending in the district court. We therefore reject his contention that he may proceed under § 2241 pursuant to § 2255's savings clause for cases in which the § 2255 remedy is inadequate or ineffective. *See id.*

AFFIRMED

Bryan Lamar Blanton, Adelanto, CA, pro se.

William You, Esq., Leon W. Weidman, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.