MEMORANDUM**
Steven Douglas Green appeals pro se from the district court’s judgment denying his application for writ of habeas corpus. Green seeks to vacate his conviction and 262-month sentence for conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
Green makes contentions challenging the validity of the statutes of conviction on grounds that were not raised in his habeas petition before the district court; these contentions are therefore not cognizable on appeal. See Belgarde v. Montana, 123 F.3d 1210, 1216 (9th Cir.1997).
Green also contends that the sentencing court erred by enhancing his sentence beyond the statutory maximum of twenty years on the basis of a judicial determination of drug quantity. In 1993, when Green was resentenced, governing case law allowed a judge to determine the drug quantity for which the defendant was responsible by a preponderance of the evidence. See United States v. Sanchez-Cervantes, 282 F.3d 664, 665-66 (9th Cir. 2002). Although the Supreme Court subsequently ruled that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt, see Apprendi v. New Jersey, 530 U.S. 466, 490, *163 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), this ruling does not apply retroactively to cases on collateral review. See Sanchez-Cervantes, 282 F.3d at 666-67. The judicial determination of drug quantity in his case therefore does not entitle Green to relief, and his trial counsel’s failure to raise this issue did not constitute deficient performance or prejudice the outcome of Green’s case. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Green has not identified any other deficiencies in his counsel’s performance that would constitute ineffective assistance of counsel.
Finally, Green has not demonstrated that he is actually innocent of the crimes of conviction. See Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3. We therefore deny Green’s request that any opinion in this case be published.