CLD-054                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3884
_____

UNITED STATES OF AMERICA

v.

DUMONT BUSH,
                                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-95-cr-00407-006)
District Judge:  Honorable James Knoll Gardner

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
and Request for Certificate of Appealability
Pursuant to 28 U.S.C. § 2253(c)
December 1, 2011

Before:  RENDELL, HARDIMAN AND ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Dumont Bush, a federal prisoner proceeding pro se, appeals the District Court's

denial of his "Hazel-Atlas[1]/Fed. R. Civ. P. 60(b)(6)" motion. We will affirm and, to the extent one is needed, we deny the issuance of a certificate of appealability under 28 U.S.C. § 2253(c).

In 1996, Bush was convicted in the United States District Court for the Eastern District of Pennsylvania of three charges related to a bank-robbery conspiracy. He was sentenced to 210 months in prison, five years of supervised release, restitution, and a special assessment. His conviction and sentence were affirmed on appeal. See United States v. Bush, 151 F.3d 1027 (3d Cir. 1998) (table). Bush then filed an unsuccessful motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied in 2001. See United States v. Bush, No. 01-4211 (order denying certificate of appealability entered Nov. 22, 2002). Bush has attempted, since that time, to mount additional collateral attacks on his conviction and sentence, such as one commenced under 28 U.S.C. § 2241. See Bush v. United States, No. 09-02152, 2010 WL 1500931, at *3 (M.D. Pa. Apr. 14, 2010) (dismissing petition for lack of jurisdiction).

In his Hazel-Atlas motion, his newest challenge to his conviction, Bush asserted that a witness in his criminal case, Lisa Wynn, who "testified to allegations that she

---

[1] Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), in which the Supreme Court emphasized that "under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry." Id. at 244; see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (discussing "the inherent power . . . [of] a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court"). We have recently questioned, however, whether this doctrine applies in criminal cases. See United States v. Washington, 549 F.3d 905, 912–15 (3d Cir. 2008).

2

rented cars held guns and ammunition among other things for the alleged conspirators in this case," was "employed [during trial] as a waitress in the same hotel in which the jury members were sequestered." Hazel-Atlas Mot. 3, ECF No. 412 (typographical errors corrected). According to Bush, this resulted in "the use of a prosecution witness to create deliberate fabrication of evidence, through the jury, calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Hazel-Atlas Mot. 13.

The District Court determined that Bush's motion was, in reality, a second or successive motion under 28 U.S.C. § 2255, which had not been authorized by this Court as required by 28 U.S.C. §§ 2244(b), 2255(h).[2] It therefore denied the motion. See Order, ECF No. 422. Bush timely appealed, moving in this Court for issuance of a certificate of appealability.

We have jurisdiction under 28 U.S.C. § 1291. "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (discussing narrow scenario in which 2255 is "inadequate or ineffective"). We agree with the District Court that Bush's

---

[2] Bush has sought such permission on two prior occasions without success. See In re Bush, No. 09-3656 (order dismissing case pursuant to Fed. R. App. P. 42(b) entered on Jan. 12, 2010); In re Bush, No. 07-4792 (order denying § 2244(b) permission entered on July 9, 2008).

motion is a clear attack on his original conviction, as he alleges that his trial was polluted by fraud and conspiracy. He must therefore proceed under § 2255, which—at this stage—would require that permission to do so be granted by this Court. Ergo, Bush's motion for a certificate of appealability (to the extent that one would be needed) is denied, as the District Court's resolution below would not be "debatable amongst jurists of reason." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000)

In the alternative, and assuming the application of Hazel-Atlas in this context, Bush has not met demonstrated, by "clear, unequivocal[,] and convincing evidence," that there was "(1) an intentional fraud; (2) by an officer of the court; (3) which [wa]s directed at the court itself; and (4) in fact deceive[d] the court." Herring v. United States, 424 F.3d 384, 386–87 (3d Cir. 2005) (quoting In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)). As the Government observed, Bush's allegations of fraud are conclusory at best. His own submissions reveal that, at the time of trial, the District Court and counsel were well aware of Wynn's employment situation, and took steps to avoid any improper contact between Wynn and the sequestered jury. Far from being redolent of "odious machinations" on the part of court officers, the lengthy sidebar Bush quotes actually appears to demonstrate the contrary. His allegations of fraud, in short, are without any factual basis and, at this stage, are purely speculative. Therefore, even if Hazel-Atlas and Rule 60 were devices by which Bush could test the validity of his conviction and his sentence, he would not be

4

entitled to relief under the demanding standard applicable to accusations of fraud on the court.

In sum, to the extent that a certificate of appealability is required in this matter, it is denied. To the extent that a certificate of appealability is not needed, we will summarily affirm the District Court's judgment. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.