ALD-010                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2490
_____

MICHAEL CURTIS REYNOLDS,
Appellant

v.

WARDEN VICTORVILLE USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 15-cv-00698)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 8, 2015
Before:  AMBRO, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 16, 2015)
_____

OPINION*
_____

PER CURIAM

Michael Curtis Reynolds appeals the dismissal of his petition for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241.  We will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2007, a jury in the United States District Court for the Middle District of Pennsylvania found Reynolds guilty of multiple terrorism-related crimes. The District Court sentenced him to 360 months of imprisonment. We affirmed, United States v. Reynolds, 374 F. App'x 356 (3d Cir. 2010), and the United States Supreme Court denied certiorari. Reynolds later filed a series of pro se motions in his criminal case. The District Court denied those motions, and we affirmed. United States v. Reynolds, 447 F. App'x 298 (3d Cir. 2011) (per curiam). While that appeal was pending, Reynolds filed in the District Court a pro se motion under 28 U.S.C. § 2255. In 2012, the District Court denied the § 2255 motion as meritless. Reynolds appealed, and we denied a certificate of appealability. United States v. Reynolds, C.A. No. 12-3580 (order entered Feb. 13, 2013). Reynolds also sought leave from this Court to file second or successive § 2255 motions. We denied those applications. In addition, Reynolds has filed several unsuccessful petitions in the District Court under 28 U.S.C. § 2241.

Reynolds filed another § 2241 petition in April 2015.[1] He alleged that it was "physical[ly] impossibl[e]" for him to have "committed an email crime" in Pennsylvania,

_____

[1] Reynolds, who is incarcerated at USP Victorville, initially filed the § 2241 petition in this Court. The Clerk transferred it to the Middle District of Pennsylvania, see Fed. R. App. P. 22(a), although the language of § 2241(a) requires that "the court issuing the writ have jurisdiction over the custodian." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-95 (1973). We conclude, however, that the interests of justice would not be served by transferring the petition to the United States District Court for the Central District of California. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.'"); see also Marrero v. Ives, 682

2

that he should not have been "found guilty of a 'use' of non-physical drawings that never left his computer," that an FBI agent committed perjury at trial, that illegally seized evidence was used against him at trial, and that he did not receive proper notification of a possible sentencing enhancement under U.S.S.G. § 3A1.4.[2] The District Court dismissed the § 2241 petition for lack of jurisdiction, concluding that Reynolds failed to demonstrate that he qualified for relief under § 2255's safety valve. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Reynolds appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Reynolds's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Upon notification that this appeal would be submitted for possible summary action, Reynolds submitted a response containing argument in support of his appeal.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the

---

F.3d 1190, 1193-95 (9th Cir. 2012) (recognizing that "a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement").

[2] Although Reynolds also claimed that he is "actually innocent" of violating 18 U.S.C. § 922(g)(1), he was not charged with violating that provision.

3

legality of his detention. 28 U.S.C. § 2255(e); see Dorsainvil, 119 F.3d at 249-51. But we have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539.

We agree with the District Court that Reynolds' claims do not fit within the narrow class of circumstances where a § 2255 motion would be inadequate or ineffective to challenge his conviction. His claims, some of which are similar those raised in his direct appeal and § 2255 motion, do not rely on an intervening change in the law that has rendered the conduct for which he was convicted non-criminal. In support of his petition, Reynolds cited Apprendi v. New Jersey, 530 U.S. 466 (2000), Alleyne v. United States, 133 S. Ct. 2151 (2013), and United States v. Hull, 456 F.3d 133 (3d Cir. 2006). But to the extent that those decisions are even relevant to Reynolds' case, claims based on them could have been pursued in his direct appeal or § 2255 motion. See United States v. Burnett, 773 F.3d 122, 136 (3d Cir. 2014) (stating that Alleyne is essentially an extension of Apprendi). Therefore, Reynolds cannot show that § 2255 was inadequate or ineffective to raise his arguments. Moreover, we have held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument." Okereke, 307 F.3d at 120. Thus, the District Court properly dismissed the § 2241 petition.

4

For the foregoing reasons, we conclude that the appeal presents no substantial question. Therefore, we will summarily affirm the District Court's judgment.[3] <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6

---

[3] Reynolds' motion to compel the United States Attorneys Office to release documents under the Freedom of Information Act is denied.