DLD-065                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2873
_____

IN RE:  MICHAEL CURTIS REYNOLDS,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 3-05-cr-00493-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 30, 2017
Before:  JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 12, 2017)
_____

OPINION[*]
_____

PER CURIAM

  Michael Curtis Reynolds, proceeding pro se and in forma pauperis, petitions for a

writ of mandamus compelling the United States District Court for the Middle District of

Pennsylvania to grant relief from his criminal conviction.  We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2007, a jury in the United States District Court for the Middle District of Pennsylvania found Reynolds guilty of multiple terrorism-related crimes. The District Court sentenced him to 360 months of imprisonment. We affirmed, United States v. Reynolds, 374 F. App'x 356 (3d Cir. 2010), and the United States Supreme Court denied certiorari. Reynolds later filed a series of pro se motions in his criminal case. The District Court denied those motions, and we affirmed. United States v. Reynolds, 447 F. App'x 298 (3d Cir. 2011) (per curiam). While that appeal was pending, Reynolds filed in the District Court a pro se motion under 28 U.S.C. § 2255. In 2012, the District Court denied the § 2255 motion as meritless. Reynolds appealed, and we denied a certificate of appealability. United States v. Reynolds, C.A. No. 12-3580 (order entered Feb. 13, 2013). Reynolds also sought leave from this Court to file second or successive § 2255 motions. We denied those applications. In addition, Reynolds has filed several unsuccessful petitions in the District Court under 28 U.S.C. § 2241. See Reynolds v. Warden Victorville USP, 619 F. App'x 55, 57 (3d Cir. 2015) (not precedential) (affirming the denial of one such petition).

Reynolds now seeks a writ of mandamus, arguing that he is entitled to relief from his conviction based on our decision in Haskell v. Superintendent Greene SCI, 866 F.3d 139, 152 (3d Cir. 2017) (granting habeas relief based on the prosecution's failure to correct perjured testimony at trial).[1] A writ of mandamus is a drastic remedy available

---

[1] By order entered October 26, 2017, the Clerk dismissed the petition for failure to prosecute. Reynolds filed a motion for reconsideration of that procedural order. We

only in extraordinary cases.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378

(3d Cir. 2005).  A petitioner seeking mandamus must demonstrate that "(1) no other

adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of

the writ is clear and indisputable, and (3) the writ is appropriate under the

circumstances."  Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam)

(alteration in original) (internal quotation marks omitted) (quoting Cheney v. United

States Dist. Court for D.C., 542 U.S. 367, 380-81 (2004)).

The proper avenue for presenting a collateral challenge to a federal conviction or

sentence is a motion filed pursuant to 28 U.S.C. § 2255.[2]  See In re Dorsainvil, 119 F.3d

245, 249 (3d Cir. 1997).  When a prisoner has previously filed a § 2255 motion, he may

not file another without leave from the Court of Appeals.  28 U.S.C. § 2244(a)-(b).  The

inability to satisfy the standard set forth in § 2244 does not constitute an extraordinary

---

granted that motion and reopened the case by order entered November 24, 2017.

[2] We note that, in March 2017, Reynolds filed a motion under 28 U.S.C. § 2241 in the United States District Court for the Central District of California.  In September 2017, that court determined that Reynolds had not demonstrated that § 2255 would be inadequate or ineffective to test the legality of his conviction, and transferred the matter to the Middle District of Pennsylvania for "appropriate disposition as a Section 2255 [Motion]."  That motion remains pending.  Although a writ of mandamus may issue when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a particular manner.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).  To the extent that Reynolds complains that the Middle District of Pennsylvania has not yet acted on his § 2255 motion, we conclude that mandamus relief is not warranted.  Madden, 102 F.3d at 79 (holding that an approximately eight-month delay did

situation warranting mandamus relief.  See Massey v. United States, 581 F.3d 172, 174

(3d Cir. 2009) (per curiam).  Moreover, mandamus does not become available simply

because a federal court previously denied habeas relief or because the gatekeeping

provisions of § 2255 make it difficult to pursue a successive motion.  Dorsainvil, 119

F.3d at 251 (holding that federal habeas relief pursuant to 28 U.S.C. § 2241 is not

available simply because a petitioner cannot satisfy the gatekeeping requirements).

For the foregoing reasons, we will deny the mandamus petition.  We also deny

Reynolds' motion to compel, wherein he asks that we direct the United States Attorney's

Office to comply with his Freedom of Information Act request.

---

not warrant intervention).