OPINION OF THE COURT
RENDELL, Circuit Judge.
In 2007, a jury found Michael Curtis Reynolds guilty of multiple terrorism-related crimes, and the District Court sentenced him to 360 months of imprisonment, three years of supervised release, and a fine of $500. On appeal, Reynolds raises the following issues: (1) whether the evidence submitted at trial was sufficient to find him guilty of the five counts he was convicted of; (2) whether the “master” affidavit of probable cause for the search warrants contained a reckless or intentional material misstatement of fact; (3) whether perjured trial testimony was used to support the conviction; (4) whether the United States vindictively prosecuted Reynolds; and (5) whether Reynolds’s right to a speedy trial was violated. We will affirm the order of the District Court.
I.
Since we write only for the benefit of the parties, we state only the facts that are necessary as background. An FBI source, Shannon Rossmiller, discovered a message from October 25, 2005 that Reynolds posted on an on-line message board soliciting help for what appeared to be a terrorist plan. In early November 2005, after finding similar messages also posted by Reynolds, Rossmiller began direct communication with Reynolds through email correspondence. In his response to her initial email, Reynolds stated that his plan would cause the United States to bring its troops home. (Appellate Br. at 13, citing Tr. 124.) Over the course of the next month, Rossmiller communicated interest in Reynolds’s plans, Reynolds described the plans generally, and both parties discussed payment arrangements. Reynolds was arrested by an FBI tactical team on December 5, 2005 near Pocatello, Idaho, while he was attempting to retrieve reward money promised to him by an undercover FBI agent.
After his arrest, Special Agent Noone, of the FBI’s Scranton Resident Agency, informed Reynolds of his constitutional rights, and Reynolds waived those rights. Reynolds confessed that he believed he was communicating with an organization tied to al-Qaeda, but he denied being a *359 terrorist. He claimed that he was attempting to gain information about al-Qae-da in order to turn it over to a private paramilitary organization with which he had been associated in the 1980s. He had not contacted anyone at the organization about his plan, nor had he communicated this idea to anyone else.
Illustrative operational plans for the attack were found on Reynolds’s computer. Reynolds’s plans for an explosive device were detailed and thorough. At the time of Reynolds’s arrest, a search warrant was executed at his rented storage unit, and an officer found a live hand grenade in the unit.
On December 20, 2005, a grand jury indicted Reynolds on two counts of possessing an unregistered destructive device in violation of 26 U.S.C. § 5861(d). Reynolds pleaded not guilty. His court-appointed attorney was then permitted to withdraw and substitute counsel was appointed by the court. On June 7, 2006, Reynolds’s second court-appointed counsel moved to withdraw. Over the next month, Reynolds filed 11 pro se motions, while the District Court appointed Reynolds’s third attorney on June 11, 2006.
On October 3, 2006, before a scheduled hearing date on Reynolds’s outstanding motions, the grand jury returned a six-count superseding indictment.[1] Though Reynolds was represented by court-appointed counsel, he filed 23 pro se motions in the form of letter motions, writs, and complaints.[2] On May 18, 2007, Reynolds’s counsel filed a motion to suppress evidence and a motion to dismiss the indictment for violation of the Speedy Trial Act. The court denied the suppression motion, and on July 2, 2007 issued a memorandum opinion rejecting the motion for violations of the Speedy Trial Act.
On July 9-12, 2007, Reynolds was tried by U.S. District Judge Kosik before a jury. The jury found Reynolds guilty of five of the six counts. Reynolds was acquitted of one count of possessing an unregistered destructive device. Reynolds prematurely filed his notice of appeal on July 23, 2007. On November 6, 2007, the District Court sentenced Reynolds to 360 months of imprisonment, three years of supervised release, and a fine of $500. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and will address *360 the issues raised by Reynolds as listed above.
II.
a.Sufficiency of Evidence
We engage in plenary review over a challenge to the sufficiency of evidence. United States v. Omoruyi, 260 F.3d 291 (3d Cir.2001). In conducting this review, the court “must sustain a jury’s verdict if a reasonable jury believing the government’s evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses.” United States v. Rosario, 118 F.3d 160, 163 (3d Cir.1997) (internal citation and quotation marks omitted).. This “places a very heavy burden on the appellant.” Id. Review of sufficiency claims are “guided by strict principles of deference to a jury’s verdict.” Id.
Reynolds argues that the government’s claims are supported by insufficient evidence, because he did not own a computer monitor to enable him to send email prior to November 23, 2005. In addition, Reynolds asserts (erroneously) that because the government did not dispute this fact in its rebuttal argument, it must be accepted as true. Even if we were to find this to be persuasive, this would not establish that the evidence supporting the jury’s verdict was insufficient. The government proved that emails were sent from an email address Reynolds controlled, under an alias that Reynolds used, and were sent from Pennsylvania at a time that Reynolds admits he was located in the Middle District. Whether they were sent from Reynolds’s personal computer or from some other computer to which he had access, Reynolds’s assertion that his own computer had no monitor does not render the government’s evidence insufficient. The jury had an opportunity to consider this issue for itself at trial. Therefore, we find that Reynolds has failed to overcome the significant hurdle to overturning a conviction on the basis of a claim of insufficient evidence.
b.“Master” Affidavit and Probable Cause
Whether the “master” affidavit for probable cause for the relevant search warrant contained a misstatement of fact, and whether any such misstatement was intentionally or recklessly made, are factual questions to be resolved by the District Court in the first instance in response to a suppression motion raising such issues. Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Such misstatements will lead to suppression of evidence only if they were material to the finding of probable cause. United States v. Brown, 3 F.3d 673, 678 n. 6 (3d Cir.1993). Materiality is a legal question subject to plenary review. United States v. Yusuf, 461 F.3d 374, 387-89 (3d Cir.2006).
Reynolds did not assert the existence of a specific misstatement of fact in the District Court. Thus, there is no factual determination by the District Court to review. Reynolds filed a motion to suppress the fruits of the search of his storage unit. However, he only asserted that the master affidavit did not establish probable cause, not that there was a misstatement of fact. (Mot. to Suppress Evidence, Doc. No. 179.) The issue is therefore reviewed only for plain error. Fed.R.Crim.P. 52(b). We find Reynolds’s argument unpersuasive. Reynolds fails to assert a misstatement, let alone a misstatement that was intentional or reckless and was material to finding probable cause.
c.Perjured Trial Testimony
In his brief, Reynolds alleges that certain individuals committed perjury during the trial. To establish a due process *361 violation premised upon the government’s knowing use of perjured testimony, a Defendant must show that (1) a government witness committed perjury, (2) the Government knew or should have known of the perjury, (3) the perjured testimony went uncorrected, and (4) there is a reasonable likelihood that the false testimony could have affected the verdict. United States v. Hoffecker, 530 F.3d 137, 183 (3d Cir.2008).
Whether a witness’s testimony was false, and the government’s actual or imputed knowledge thereof, are factual questions to be determined by the District Court in the first instance. This Court will not overturn the findings unless such findings are unsupported by evidence. Government of the Virgin Islands v. Lima, 774 F.2d 1245, 1251 (3d Cir.1985). Outside of stating his innocence and testifying in his own defense in a manner inconsistent with the testimony of several government witnesses, Reynolds failed to preserve this issue in the District Court. As such, this inquiry is subject to review only for plain error. Fed.R.Crim.P. 52(b).
Reynolds’s perjury allegations are based on his claim that Kevin Reardon, his brother-in-law, lied. Specifically, Reynolds contends that Reardon planted the grenades in the storage unit and committed perjury by stating otherwise. No evidence was presented to establish Reynolds’s claim. Thus, he fails the first prong of the Hoffecker test, and has not even suggested that he could meet the second. Accordingly, we find that he has not met his burden on this issue.
d. Vindictive Prosecution
Reynolds did not allege that the government’s prosecution of him was vindictive in the District Court. Therefore, the issue is subject to review only for plain error. Fed.R.Crim.P. 52(b).
Prosecutorial vindictiveness may be found when the government penalizes a defendant for invoking legally protected rights. United States v. Goodwin, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). There is no prosecutorial vindictiveness, however, where the prosecutor’s decision to prosecute is based on the usual determinative factors. United States v. Oliver, 787 F.2d 124, 126 (3d Cir.1986). Reynolds bears the burden of proving prosecutorial vindictiveness. United States v. Paramo, 998 F.2d 1212, 1220 (3d Cir.1993). He may meet his burden by either (1) using evidence of the prosecutor’s retaliatory motive to prove actual vindictiveness, or (2) proving facts that in certain circumstances give rise to a presumption of vindictiveness. Id. Courts will apply a presumption of vindictiveness only where there exists a “realistic likelihood of vindictiveness.” Id.
Reynolds fails to allege any facts that could support a finding of actual vindictiveness, or a presumption of vindictiveness other than that more serious charges were brought after the initial indictment. Reynolds’s original two-count indictment followed his arrest by just fifteen days. Nine-and-a-half months after the original indictment, and after a more thorough investigation, a more comprehensive indictment was issued. Moreover, Reynolds offers no evidence of the prosecution having an actual retaliatory motive. Thus, Reynolds has not sustained his burden for this claim as he has not established facts giving rise to a presumption of vindictiveness or evidence of an actual retaliatory motive.
e. Speedy Trial
Reynolds appeals the denial of a motion to dismiss the indictment, claiming a violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Section 3161(h) of the Act permits the exclusion of periods of *362 delay in the calculation of the seventy-day time limit for the commencement of trial. Properly excluded periods of delay include pretrial motions, from filing to their disposition, and any period of delay from a continuance provided there is an ends of justice reason given by the court.[3]
As the District Court’s memorandum opinion states, the speedy trial period began to run when Reynolds was arraigned on the original indictment on January 3, 2006. The eventual trial was held on July 9, 2007. Reynolds’s counsel filed a motion on January 12, 2006 to review his previous detention by a magistrate judge. On January 19, 2006, Reynolds’s counsel filed a motion to withdraw from the case due to irreconcilable differences. New counsel was appointed shortly thereafter. In March 2006, the bail motion was withdrawn, and the defense filed ex parte motions for discovery and authority to hire expert services. In May 2006, the second court-appointed attorney sought to withdraw due to irreconcilable differences. At this point, Reynolds also filed several pro se motions.
On July 17, 2006, Reynolds’s third court-appointed attorney was assigned, and moved for discovery soon after. Throughout the remainder of the 2006 summer and into the fall, Reynolds filed numerous pro se motions despite having legal representation. The District Court found that there were outstanding motions for the entirety of this time frame except for the eight days between Reynolds’s arraignment and the motion to review his detention, and a period of nine days from March 14-28, 2006. United States v. Reynolds, No. 3:CR06-493, 2007 WL 1959302, at *4 (M.D.Pa. July 2, 2007).
On October 3, 2006, a superseding indictment containing four additional charges was returned. If a superseding indictment charges a new offense that did not have to be joined with the original indictment, then the subsequent indictment begins a new, independent speedy trial period. United States v. Lattany, 982 F.2d 866, 872 n. 7 (3d Cir.1992). On the same day as the issuance of the superseding indictment, the court ordered a competency exam for Reynolds. Pursuant to section 3161(h)(1)(F), the District Court properly excluded the time period Reynolds was committed for his competency exam, which began on October 11, 2006 and ended on January 5, 2007. Reynolds continued to file numerous pro se motions from October 2006 into April 2007. The District Court properly excluded these pro se motions in addition to other counseled defense motions for enlargements of time to file pretrial motions, defense motions for continuances of trial, and defense motions for pretrial relief from the time between Reynolds’s arraignment on the superseding indictment and the commencement of trial pursuant to section 3161(h)(1)(F). Therefore, the District Court stated that, at best, non-excluded time was minimal, and there was no violation of the Speedy Trial Act for the first or second indictment.
Additionally, prejudice or lack of prejudice to the defendant is also a factor to be contemplated. United States v. Taylor, 487 U.S. 326, 339-41, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). We agree with the District Court’s finding that the non-ex-eludable delay was minimal, and it was not prejudicial to Reynolds.
*363 III. Conclusion
For the foregoing reasons, we will affirm the Judgment and Commitment Order of the District Court.[4]

. Count 1: attempting to provide material support and resources to a foreign terrorist organization in violation of 18 U.S.C. § 2339B; Count 2: attempting to provide material support and resources to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline, in violation of 18 U.S.C. § 2339A; Count 3: solicitation or inducement of another to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline in violation of 18 U.S.C. § 373; Count 4; distribution through the internet of information demonstrating the making or use of an explosive or destructive device with the intent that the information be used to commit a federal crime of violence in violation of 18 U.S.C. § 842(p)(2); and Counts 5 and 6: two counts of possessing an unregistered destructive device in violation of 26 U.S.C. § 5861(d).

. Reynolds included in his statement of questions for appeal that the District Court refused to decide his pro se motions. However, he made no actual argument supporting his contention in the body of his brief. It is a well-established rule that the failure to argue an issue in an opening brief constitutes waiver of that issue on appeal. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir.2005); see also Laborers’ Intern. Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir.1994) (citation omitted) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue ... will not suffice to bring that issue before this court.’ ")

. See Bloate v. United States, — U.S. -, 130 S.Ct. 1345, 1350-52 & n. 7, 176 L.Ed.2d 54 (2010) (acknowledging that delay resulting from defendant's pretrial motion is automatically excluded under § 3161(h)(1)(D)).

. In addition to the arguments discussed, Reynolds raised additional arguments that we have considered, and which we also find to be meritless.