BLD-083                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4676
_____

IN RE:  MICHAEL CURTIS REYNOLDS,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 05-cr-00493)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 6, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: 1/24/2011 )
_____

OPINION
_____

PER CURIAM

Pro se petitioner, Michael Curtis Reynolds, seeks a writ of mandamus compelling

the United States District Court for the Middle District of Pennsylvania to conduct a

"Franks hearing."[1]  Finding no basis for granting mandamus relief, we will deny the

petition.

On July 12, 2007, Reynolds was found guilty by a jury of five counts of a six-

_____

[1] See Franks v. Delaware, 438 U.S. 154 (1978).

count superseding indictment. He was subsequently sentenced to 360 months imprisonment and three years supervised release, and was ordered to pay a $500.00 special assessment. We affirmed the Judgment and Commitment in a non-precedential opinion issued on March 18, 2010,[2] and the Supreme Court denied Reynolds' petition for writ of certiorari on October 4, 2010. Despite the unfavorable outcome of his direct appeal and cert. petition, Reynolds apparently believes that he is nonetheless entitled to a hearing regarding the affidavit of probable cause used to support the search warrant issued in the underlying criminal action. According to Reynolds, the District Court is obligated to conduct a Franks hearing as a result of this Court's March 18th opinion and in accordance with Fed. R. Crim. P. 52(b).

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the desired relief and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We do not hesitate to conclude that Reynolds has failed to demonstrate a clear and indisputable right to the issuance of a mandamus petition ordering the District Court to hold a Franks hearing.

Contrary to Reynolds' assertion, there is nothing in our opinion affirming the Judgment and Commitment which lends support to his contention. Though we stated that

_____

[2] We subsequently denied Reynolds' motion to recall the mandate in an order issued on September 14, 2010.

2

the factual question as to whether a misstatement of fact set forth in an affidavit for probable cause was intentionally or recklessly made is one to be determined by the District Court in the first instance, we also noted that "Reynolds did not assert the existence of a specific misstatement of fact in the District Court. Thus, there [was] no factual determination by the District Court to review." United States v. Reynolds, 374 F. App'x. 356, 360 (3d Cir. 2010). We further held that Reynolds' assertion that the master affidavit did not establish probable cause was unpersuasive. Id.

Reynolds' reliance on Fed. R. Crim. P. 52(b) fares no better. While we do not intend to comment on the timeliness of his filing, we note that the District Court docket reflects that Reynolds only recently filed a "Motion Under Rule 33 for New Trial or Motion Under Rule 52(b), Plain Error" on December 22, 2010. Although an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden, 102 F.3d at 79, the manner in which a court controls its docket is discretionary. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). There certainly has been no undue delay on the part of the District Court in considering Reynolds' request for relief under Rules 33 and/or 52(b). Moreover, Reynolds has shown no clear and indisputable right to a mandamus petition compelling the District Court to hold a Franks hearing under Rule 52(b), where that court has yet to consider his motion seeking such a hearing. Additionally, any challenge to the District Court's disposition of this post-judgment motion will be available in the form of an appeal to this Court once a decision has been issued.

We note that Reynolds also appears to take issue with the manner in which his "Hazel-Atlas" Motion has been docketed by the District Court. A review of the District Court docket reveals that the motion was filed in the underlying action on November 15, 2010. The government's opposition to the motion was received two weeks later. The motion thus appears ripe for disposition. Though it is unclear whether Reynolds is seeking to compel the District Court to act on this motion as well, we likewise conclude that there has been no undue delay on the part of the District Court in disposing of petitioner's motion. This is especially true considering the fact that Reynolds continues to bombard the District Court with pro se filings. Furthermore, we once again state that any challenge Reynolds wishes to raise as to the construction ultimately afforded his motion by the District Court can be presented on appeal from any unfavorable decision.

For the foregoing reasons, the petition for a writ of mandamus will be denied.