HLD-141   (April 2011)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1752
_____

IN RE:  MICHAEL CURTIS REYNOLDS,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 05-cr-00493)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 29, 2011
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: June 3, 2011)
_____

OPINION
_____

PER CURIAM.

          Pro se petitioner, Michael Curtis Reynolds, seeks issuance of a writ of

mandamus.  Reynolds' petition is less than a model of clarity.  As best can be deciphered

from his filing, Reynolds is seeking to compel the United States District Court for the

Middle District of Pennsylvania to grant his motion filed pursuant to Fed. R. Civ. P. 36,

his request for summary judgment filed pursuant to Fed. R. Civ. P. 56, and his motion for

bail.  We will deny the petition.

1

It appears that on July 13, 2007, Reynolds was found guilty by a jury of five counts of a six-count superseding indictment. He was subsequently sentenced to 360 months imprisonment and three years supervised release, and was ordered to pay a $500.00 special assessment. We affirmed the Judgment and Commitment in a non-precedential opinion issued on March 18, 2010, and the Supreme Court denied Reynolds' petition for writ of certiorari on October 4, 2010. Since receiving an unfavorable outcome on direct appeal and having his cert. petition denied by the Supreme Court, Reynolds has inundated the District Court with pro se motions. Several of these post-judgment motions concern what Reynolds believes to be "fraud upon the court," and were filed pursuant to Fed. R. Civ. P. 60 or under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 249-50 (1944).

The District Court recently disposed of these motions in a Memorandum Opinion and Order entered on March 8, 2011. In its Memorandum Opinion, the District Court made specific reference to the various miscellaneous motions – including one for "Summary Judgment Upon Respondent [sic] Failure to Rebut Under Rule 36 Admission of All Facts" – that Reynolds filed in conjunction with his Rule 60 and Hazel-Atlas motions, and denied those motions without further discussion. See Dist. Ct. Mem. Order at 4. The District Court likewise denied Reynolds' latest bail motion. See id. at 5. Accordingly, his petition for writ of mandamus seeking to compel the District Court to dispose of these motions is moot.

2

To the extent Reynolds may be seeking to challenge the District Court's disposition of his various post-judgment motions, such review is available in the form of an appeal to this Court. A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997). We note that Reynolds has since perfected an appeal from the District Court's decision at C.A. No. 11-1839. Any arguments he wishes to advance in support of that appeal should, of course, be included in his filings submitted under that docket number.

Reynolds has also filed a motion in the instant proceeding seeking the recusal of District Court Judge Kosik on the basis of personal bias. While a mandamus petition is a proper means of challenging a district judge's refusal to recuse himself pursuant to 28 U.S.C. § 455, see In re Sch. Asbestos Litig., 977 F.2d 764, 774-75 (3d Cir. 1992), it does not appear that Judge Kosik has yet entertained Reynolds' recusal motion. Given that a writ of mandamus is an extraordinary remedy that is only available where a litigant has no other adequate means of obtaining the desired relief, we have recognized that it would not be appropriate to issue a writ of mandamus compelling the disqualification of a district judge if a motion for recusal is pending in the District Court. See In re Kensington Int'l Ltd., 353 F.3d 211, 223-24 (3d Cir. 2003). As was noted, "[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself ... [because the] judge presiding over a case is in the best position to

3

appreciate the implications of those matters alleged in a recusal motion." Id. at 224

(quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988)).

Because Reynolds continues to file motions in the District Court, see Mot. pending at D.

Ct. docket entry # 429, and Judge Kosik – who has presided over this case for the past six

years – has not yet ruled on the motion for recusal that Reynolds filed on January 27,

2011, we conclude that he has not demonstrated that mandamus relief is warranted.

We likewise conclude that mandamus relief is not warranted as a result of

the amount of time Reynolds' motion has been pending on the District Court docket.

Although an appellate court may issue a writ of mandamus on the ground that undue

delay is tantamount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d

74, 79 (3d Cir. 1996), the manner in which a court controls its docket is discretionary. In

re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Given the fact that the

mandamus petition Reynolds submitted to the District Court is captioned in this Court, it

is questionable whether the District Court even realized it was a filing that was in need of

a disposition. Accordingly, we conclude that there has been no undue delay on the part

of the District Court in disposing of Reynolds' petition. Now that Reynolds has clarified

his intent to have Judge Kosik rule on his mandamus petition despite it having been

addressed to this Court, we are confident that a ruling will be forthcoming in the near

future.

Reynolds' motions for the admission of facts and to compel the admission

of facts under Fed. R. Civ. P. 36(a)(3), for judgment on the pleadings pursuant to Fed. R.

4

Civ. P. 56, and for a bail release hearing based on the admission of facts will also be denied. Rules 36 and 56 are applicable to proceedings pending in the District Court, and Reynolds' challenge to the District Court's denial of his motion for bail and/or a bail hearing is within the purview of his appeal at C.A. No. 11-1839. Pursuant to Third Circuit Local Appellate Rule 9.1, an appeal from such an order shall be by motion filed either concurrently with or promptly after filing a notice of appeal. Thus, Reynolds should file his bail motion in that appellate proceeding if he has not done so already. Reynolds' recently filed "Omnibus Motion Under F.R.A.P. 31(a)(1) and F.R.Civ.P. 36(a)(3)" is likewise denied. Once again, Rule 36 is applicable to proceedings in the District Court. The filing of an answer or any briefing required by the Court in a mandamus proceeding is governed by Fed. R. App. P. 21(b)(1) and (5).