PSM-175                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4398
_____

MICHAEL CURTIS REYNOLDS,
                                              Appellant

v.

DAVID EBBERT, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:10-cv-02164)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2011

Before:  AMBRO,  HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 27, 2011 )

_____

OPINION
_____

PER CURIAM

    Michael Curtis Reynolds, a federal prisoner proceeding pro se, appeals from the

District Court's order denying his habeas petition filed pursuant to 28 U.S.C. § 2241.  For

the reasons that follow, we will affirm.

I.

In 2007, Reynolds was convicted of multiple terrorism-related offenses and sentenced by the District Court to 360 months' imprisonment and three years' supervised release. The court also imposed a special assessment of $500. We affirmed that judgment on direct appeal. See United States v. Reynolds, 374 F. App'x 356, 358 (3d Cir. 2010).

In October 2010, Reynolds filed a pro se habeas petition in the District Court pursuant to § 2241. The petition did not challenge the legality of Reynolds's conviction or sentence. Rather, it alleged only that the Bureau of Prisons ("BOP") had violated his rights by issuing a "restitution payment schedule." (See Habeas Pet. 1.) In support of this claim, Reynolds maintained that "only a District Court may set a payment schedule for any fine, fee, or restitution." (Id. at 3.) On October 28, 2010, the District Court, acting sua sponte, denied the petition as meritless. In doing so, the court found that Reynolds had not been ordered to pay restitution or a fine, and concluded that the BOP could indeed establish a payment schedule for collecting the $500 special assessment. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] In reviewing the denial of a § 2241 petition, "[w]e exercise plenary review over the District Court's

---

[1] Because we agree with the District Court that Reynolds's habeas petition was properly brought under § 2241, he does not need to obtain a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc).

legal conclusions and apply a clearly erroneous standard to its findings of fact." See

O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). Having

considered Reynolds's arguments, and for substantially the reasons set forth in the

District Court's opinion, we agree with the Court's decision to deny his habeas petition

on the merits. Accordingly, we will affirm the District Court's judgment.

III.

We write further here to address the numerous filings that Reynolds has submitted

to this Court since initiating this appeal. In these filings, he claims that prison officials at

the Federal Correctional Institution at Allenwood in Pennsylvania — his current place of

confinement — have retaliated against him, interfered with his access to the courts, and

otherwise mistreated him. He seeks, inter alia, a temporary restraining order prohibiting

this conduct.

Reynolds's requests for relief are hereby denied without prejudice, as his claims

are not properly before this Court. To the extent he wishes to pursue these claims, he

should file a complaint in the District Court. We note, however, that Reynolds, a

frequent litigator in the federal courts, has "three strikes" under 28 U.S.C. § 1915(g).

Accordingly, to file a complaint in the District Court, he must either pay the filing fee in

full or demonstrate that he is in "imminent danger of serious physical injury." See 28

U.S.C. § 1915(g). We express no opinion on his ability to meet the imminent danger

standard or prevail on the merits of his claims.