**CLD-304**                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1839
_____

UNITED STATES OF AMERICA

v.

MICHAEL CURTIS REYNOLDS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 05-cr-00493)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2011
Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: October 13, 2011)
_____

OPINION
_____

PER CURIAM

Michael Curtis Reynolds appeals pro se from the order of the District Court

denying various motions in his criminal proceeding.  We will affirm.

I.

In 2007, a federal jury found Reynolds guilty of multiple terrorism-related crimes

and the District Court sentenced him to 360 months of imprisonment. We affirmed the convictions in 2010. See United States v. Reynolds, 374 F. App'x 356, 363 (3d Cir. 2010). Among other things, we rejected Reynolds's arguments that the affidavit of probable cause used to arrest him contained intentional misstatements and that certain witnesses had committed perjury at trial. See id. at 360-61.

Since that time, Reynolds has filed pro se more than thirty motions, letters and other documents in the District Court. Primarily at issue here are a series of motions that he filed purportedly under Rule 60 of the Federal Rules of Civil Procedure and the United States Supreme Court's decision in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), which recognizes district courts' inherent power to set aside fraudulent civil judgments. (Docket Nos. 373, 391, 395 & 398.) In these motions (which we will refer to collectively as a single motion), Reynolds argues that the prosecution used fabricated evidence and perjury in the affidavit of probable cause and before the grand and petit juries, and he seeks "acquittal" of all charges and immediate release from prison. By order entered March 8, 2011, the District Court denied Reynolds's motion on the merits and denied eight of his other motions as well. Reynolds appeals and has filed over twenty motions and other documents in this Court. He also has since filed with the District Court a timely motion under 28 U.S.C. § 2255, which remains pending.

II.

We have jurisdiction over final orders of the District Court pursuant to 28 U.S.C. § 1291. In addressing its authority to rule on Reynolds's Rule 60/Hazel-Atlas motion, the District Court relied on non-precedential opinions in which we affirmed the denial of

2

similar motions and explained that we did not have to decide whether Hazel-Atlas motions are a valid means of attacking a criminal conviction because the underlying challenges in those cases lacked merit.

The same is true in this case. Relief under Hazel-Atlas is an extraordinary remedy for fraud rising to the level of "'egregious misconduct . . . such as bribery of a judge or jury or fabrication of evidence by counsel.'" Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005) (citation omitted). Mere "perjury by a witness is not enough to constitute fraud upon the court." Id. The standard is thus "demanding" and requires a showing of: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." Id.

As the District Court explained, Reynolds has not come close to making this showing. His specific allegations are difficult to follow, but he appears to take issue with evidence concerning a live hand grenade, an electronic match, his criminal history, and a statement that his mother gave to detectives. Reynolds's filings, however, contain neither evidence nor colorable allegation that any of this evidence was false, let alone that the prosecution knew it and presented the evidence anyway. Indeed, we rejected Reynolds's similar claims (and some of his identical ones) on direct appeal for that reason. See Reynolds, 374 F. App'x at 360-61. We thus agree with the District Court that Reynolds's Rule 60/Hazel-Atlas motion lacks merit.[1]

---

[1] The Government argued below that, rather than address Reynolds's motion as presented, the District Court should construe it as a § 2255 motion and provide the notice of elections required by United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999). That would indeed have been the preferable course. Reynolds's underlying claims clearly lack merit, however, so any error in that

3

We turn now to the other motions Reynolds filed in the District Court and those he has filed in this one. The District Court denied Reynolds's other motions without specifically addressing them, but we agree that they lack merit. The motions overlap to a great extent and are otherwise difficult to decipher, but they are of four kinds. First, Reynolds filed several motions styled as mandamus petitions arguing that the District Court should have docketed his Rule 60/Hazel-Atlas motion as a separate civil proceeding instead of docketing it in his criminal proceeding. (Docket Nos. 403, 406 & 415.) The manner in which the District Court docketed the motion, however, makes no conceivable difference to the outcome.

Second, Reynolds filed several motions styled as motions for summary judgment or for a default judgment, in which he argued that he is entitled to judgment and immediate release from prison on the basis of the Government's supposed binding admissions, which Reynolds claims it made by failing to contest certain of his assertions on direct appeal and elsewhere. (Docket Nos. 404, 409 & 411.) This argument is frivolous. The Government has hardly "admitted" that Reynolds is entitled to release from prison, and the District Court did not abuse its discretion by declining to order his release by default.

Third, Reynolds filed a motion (long after he filed his underlying Rule 60/Hazel-Atlas motion) for a transcript of the June 6, 2006 proceeding to discharge one of his three

regard is harmless. Because the District Court addressed Reynolds's motion as presented without providing the Miller notice, it should not treat that motion as a first § 2255 motion for purposes of the provisions governing second or successive § 2255 motions. See 28 U.S.C. § 2255(h).

court-appointed counsel, which he claims contains an unspecified "open-court announcement" of the prosecutor's "perjury" before the grand jury. (Docket No. 420.) Whatever transpired during trial was known to Reynolds at that time, however, and he already raised arguments concerning perjury in his direct appeal, which we rejected. In addition, his conclusory assertion does not show that the transcript potentially supports his claims. See 28 U.S.C. § 753(f). Our affirmance of the denial of this motion, however, is without prejudice to Reynolds's ability to request any potentially relevant transcripts in connection with his § 2255 proceeding, though we express no opinion on whether this particular transcript qualifies or whether Reynolds is otherwise entitled to it.

Finally, Reynolds filed a motion for bail pending appeal (by which he apparently meant his former direct appeal) under 18 U.S.C. § 3143. (Docket No. 412.) Reynolds had no criminal appeal pending, however, and he stated no basis for bail in any event. The motions Reynolds has filed in this Court, to the extent they request any particular relief, are essentially duplicative of his motions in the District Court and suffer from the same deficiencies.[2] For these reasons, we will affirm the judgment of the District Court. Reynolds's motions in this Court are denied.

One final observation about Reynolds's filings in general is in order. Reynolds has accumulated in other cases three "strikes" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). He has filed some nineteen appeals and other proceedings in this

_____

[2] Reynolds claims in various filings in this Court that the District Judge lacked the power to act in his case because he is required to recuse himself. We recently denied Reynolds's mandamus petition requesting the District Judge's disqualification because his motion for disqualification remained pending in the District Court, as it does today. See In re Reynolds, No. 11-1752, 2011 WL 2164123, at *1 (3d Cir. June 3, 2011).

Court since 2007, including at least two prior mandamus petitions regarding the filings in the District Court that are the subject of this appeal. (C.A. Nos. 11-1752 & 10-4676.) He has also filed over thirty motions and other documents in the District Court and, since taking this appeal, has filed over twenty motions and other documents in this one. These filings are largely repetitive, and many state no discernible basis for relief. This volume of unnecessary and repetitive filings potentially impedes the courts' ability to ascertain and address Reynolds's substantive claims. If Reynolds truly believes that he has meritorious claims to assert and wishes to be heard on the merits, he would be best served to refrain from duplicative and unnecessary filings in the future.