**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1923
_____

UNITED STATES OF AMERICA

v.

MICHAEL CURTIS REYNOLDS,
                                                  Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3:05-cr-00493-001)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 19, 2021

Before: McKEE, GREENAWAY, JR, and BIBAS, Circuit Judges

(Opinion filed: October 26, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal prisoner Michael Reynolds appeals from an order of the District Court denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will affirm.[1]

In 2007, a jury in the Middle District of Pennsylvania found Reynolds guilty of five terrorism-related crimes. He was sentenced to an aggregate term of 360 months of imprisonment, and we affirmed the District Court's judgment on direct appeal. See United States v. Reynolds, 374 F. App'x 356 (3d Cir. 2010). The District Court later denied several of Reynolds' motions attacking his conviction, and we affirmed. See United States v. Reynolds, 447 F. App'x 298 (3d Cir. 2011) (per curiam). Thereafter, Reynolds made numerous other attempts to challenge his conviction, all unsuccessful.[2] Reynolds' projected release date from prison is October 21, 2032.

In November 2020, Reynolds filed a motion for compassionate release. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). He argued that he was at increased risk for serious infection if he were to contract COVID-19. The District Court

---

[1] Although we have entertained the Government's motion, we remind the Government that such a motion should typically be filed before the appellant's opening brief is due. See 3d Cir. L.A.R. 27.4(b).

[2] See C.A. Nos. 12-3580, 13-4119, 15-2233, 19-3469 & 20-1363.

denied the motion, and we affirmed that denial and the District Court's subsequent denial of reconsideration.[3] Reynolds did contract COVID-19 and has recovered.

Reynolds filed another Section 3582 motion in the District Court in April 2021. He claimed to have new evidence about reinfection rates and continued his prior attacks on the medical staff at Greenville FCI in Illinois, where he is incarcerated, particularly its response to COVID-19. The District Court denied his motion, determining that (1) his new allegations and new evidence did not alter its prior determination that any danger he faced from COVID-19 failed to present sufficiently extraordinary and compelling reasons to warrant a sentence reduction and (2) the 18 U.S.C. § 3553(a) factors still weighed against his release. Reynolds timely appealed and has filed a brief. The Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's determination that the sentencing factors under Section 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted).

---

[3] See C.A. Nos. 21-1438 & 21-1742.

The Government argues that the District Court did not abuse its discretion in determining that compassionate release was inconsistent with the Section 3553(a) factors. We agree.

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Compassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

The District Court considered Reynolds' allegations that he is in "imminent danger" from COVID-19 reinfection because of his family medical history, that he "is allergic to several vaccines[,] preclud[ing] his acceptance of a vaccine for COVID," and that

4

FCI Greenville's safety measures have proven inadequate to protect inmates from infection. The Court noted that the Bureau of Prisons reported no active cases among inmates or staff at FCI Greenville at the time of its decision, and that not a single death from COVID-19 has been reported there throughout the pandemic. The District Court restated the conclusion from its prior order that the totality of Reynolds' allegations did not rise to the level of "extraordinary and compelling reasons" warranting relief, and that even assuming they did, consideration of the sentencing factors weighed heavily against release.

We cannot say that the District Court committed a clear error of judgment in denying Reynolds' motion after an assessment of the Section 3553(a) factors. In conducting that analysis, the District Court referred to its prior order, see Dkt. No. 725 at 3–6, in which the District Court concluded, inter alia, that "Reynolds still poses a very grave and real danger to the safety of the community based on the extremely serious nature of his current terroristic related convicted offenses," Dkt. No. 745 at 2 (quoting id. at 5); see also 18 U.S.C. § 3553(a)(1) & (2)(A)–(C) (including the nature and circumstances of the offense and protection of the public as sentencing factors as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). In addition, in its prior order, the District Court, referring to the Government's argument, noted that Reynolds still had roughly half of his sentence to serve at the time of his prior motion. See Dkt No. 725 at 5 (quoting Dkt. No. 709 at 31–32). The instant motion coming only five months later, that remains true, and is an appropriate consideration. See Pawlowski, 967 F.3d at 331 ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of

sentencing, the time remaining in that sentence may . . . inform whether [compassionate] release would be consistent with those factors.").[4]

Based on the foregoing, Reynolds' challenge to the District Court's order does not present a substantial question. We therefore grant the Government's motion, and we will summarily affirm the District Court's order.[5] See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[4] We also note the District Court's conclusion in its order denying the prior § 3582 motion that much of the relief Reynolds sought in his "numerous extraneous supplemental motions" would only be available to him through a second or successive motion under 28 U.S.C. § 2255. Dkt. No. 725 at 4–6. The same can be said of the supplemental arguments he has filed in this appeal. If Reynolds wishes to challenge the constitutionality of his conviction or sentence, then he must seek leave to file a second or successive motion pursuant to 28 U.S.C. §§ 2244 and 2255. However, and although he lodges no such request here, we note that we have previously denied his requests for authorization to file another § 2255 motion to raise the arguments advanced in the supplemental documents filed in this appeal. See, e.g., C.A. No. 21-1742.

[5] Reynolds' "Motion to Compel Production" is also denied.

6