DLD-175                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1942
_____

MICHAEL CURTIS REYNOLDS,
                                        Appellant

v.

WARDEN SCHUYLKILL FCI;
U.S. PROBATION OFFICE; D.S.C.C.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-01821)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 29, 2024

Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: September 12, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2007, after a jury trial in the United States District Court for the Middle District of Pennsylvania, Michael Curtis Reynolds was convicted of several federal offenses,[1] and sentenced to 30 years in prison. We affirmed the District Court's judgment. See United States v. Reynolds, 374 F. App'x 356 (3d Cir. 2010). Thereafter, the District Court denied Reynolds' 28 U.S.C. § 2255 motion, and we declined to issue a certificate of appealability. In the years since, Reynolds, an extremely prolific litigant, has unsuccessfully challenged his conviction and incarceration in many ways.

In October 2023, Reynolds filed a petition pursuant to 28 U.S.C. § 2241 in the District Court, see ECF No. 1, which he supplemented with an additional "Omnibus Motion Under 28 U.S.C. § 2241," see ECF No. 2, and other submissions. Reynolds also filed various other motions for relief, seeking, inter alia, injunctive relief, release on bail, declaratory judgment, summary judgment, and an order to show cause. The District Court dismissed Reynolds' § 2241 petition for lack of jurisdiction and dismissed the rest of the motions as moot. See ECF No. 46. Reynolds filed a timely notice of appeal. In

---

[1]Specifically, he was convicted of (1) attempt to provide material support and resources to a foreign terrorist organization, see 18 U.S.C. § 2339B; (2) attempt to provide material support and resources to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline, see 18 U.S.C. § 2339A; (3) solicitation or inducement of another to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline, see 18 U.S.C. § 373; (4) distribution through the internet of information demonstrating the making or use of an explosive or destructive device, with the intent that the information be used to commit a federal crime of violence, see 18 U.S.C. § 842(p)(2); and (5) possession of an unregistered destructive device (a hand grenade), see 26 U.S.C. § 5861(d).

this Court, he also submits numerous motions, including a motion for bail pending appeal; a motion for summary reversal; and a motion for declaratory judgment that is, in substance, another challenge to his criminal judgment.

We have jurisdiction under 28 U.S.C. § 1291.[2]  We exercise plenary review over the District Court's legal conclusions.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  Upon review, we will summarily affirm the District Court's judgment because no substantial issue is raised on appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In part, Reynolds again claimed that his criminal judgment is void under United States v. Taylor, 142 S. Ct. 2015 (2022), and United States v. Tsarnaev, 968 F.3d 24 (1st Cir. 2020), overruled on other grounds, 142 S. Ct. 1024 (2022), an argument that we have denied him authorization to present in a second or successive motion pursuant to 28 U.S.C. § 2255.  See In re:  Michael Curtis Reynolds, C.A. No. 23-1421, order entered June 12, 2023.   As the District Court ruled, it could not entertain those arguments via Reynolds' § 2241 petition.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]"  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Section § 2241 is an available remedy only if

---

[2] Reynolds, a federal prisoner, does not require a COA to appeal from the order denying his § 2241 petition.  See United States v. Cepero, 224 F.3d 256, 264 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641, 647 n.1 (2012).

"it . . . appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [his] detention."  28 U.S.C. § 2255(e).  The Supreme Court has interpreted § 2255(e) (also known as the saving clause) to mean that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."  Jones v. Hendrix, 599 U.S. 465, 478 (2023).

Because those unusual circumstances are absent from Reynolds' collateral attack on his criminal judgment, see Jones, 599 U.S. at 504 (J. Jackson, dissenting) (providing examples of such circumstances), he cannot bring his Taylor and Tsarnaev claims under § 2241.  And this is true even though we have concluded that he does not satisfy the conditions of § 2255(h) to bring them.  See Jones, 599 U.S. at 480 ("The inability of a prisoner . . . to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."); Voneida v. Johnson, 88 F.4th 233, 235 (3d Cir. 2023) (explaining that Jones "established that the limitations on second or successive motions set forth in 28 U.S.C. § 2255(h) do not make § 2255 'inadequate or ineffective' such that a prisoner must pursue a remedy under § 2241"); Cradle, 290 F.3d at 539.

Reynolds additionally contended that the Bureau of Prisons ("BOP") improperly ruled him ineligible for earning and applying First Step Act time credits.  However, the basis for his argument is that his judgment is void under Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, 584 U.S. 148, 174-75 (2018).  The District

Court could not consider that argument for the same reasons that it could not consider his claims based on Taylor and Tsarnaev.[3]  And, in any event, as the District Court stated, Reynolds is statutorily ineligible for First Step Act time credits because he was convicted of a disqualifying offense.  See 18 U.S.C. § 3632(d)(4)(D)(xlvii) (referring to crimes relating to terrorism under chapter 113B, which includes, inter alia, § 2339B).

Reynolds also presented a challenge to his custody classification, arguing that he should have been assigned to a prison camp instead of a medium security institution.  We agree with the District Court that this challenge is not cognizable in a § 2241 petition where Reynolds does not allege that his custody classification is in any way inconsistent with his sentencing judgment.  See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).[4]

Reynolds also claimed that he is entitled to release to home confinement under the Elderly Offender Home Detention Program ("EOHDP").  However, the EOHDP, a pilot program reauthorized as part of the First Step Act, provides that "the *Attorney General* may release some or all eligible elderly offenders and eligible terminally ill offenders

---

[3] We further note that we previously granted him authorization to challenge his judgment under Johnson and Dimaya in a second § 2255 motion, and his motion was unsuccessful.

[4] Relatedly, we note, prisoners have no constitutional right to a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).  For similar reasons, the District Court also properly dismissed Reynolds claim that he is entitled to a transfer to a facility within 500 miles of his home.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Meachum v. Fano, 427 U.S. 215, 224 (1976) (explaining that "[t]he Constitution does not … guarantee that the convicted prisoner will be placed in any particular prison").

from [BOP] facilities to home detention ….” § 60541(g)(1)(B) (emphasis added).  As

that language indicates, “Congress has vested the executive branch, not the judicial

branch, with the power to decide which prisoners may participate in the” EOHDP.

Melot v. Bergami, 970 F.3d 596, 600 (5th Cir. 2020).  Accordingly, we agree with the

District Court’s conclusion that it lacked authority to order that Reynolds be placed in

home detention under the EOHDP.[5]  See Tapia v. United States, 564 U.S. 319, 331

(2011) (“When a court sentences a federal offender, the BOP has plenary control, subject

to statutory constraints, over the place of the prisoner’s imprisonment and the treatment

programs (if any) in which he may participate.” (citation and internal quotation marks

omitted)).

Reynolds also included claims that a prison doctor was unlicensed, practicing

illegally, and caused him to contract COVID, and recounted his difficulties related to the

encumbrance of his prison funds, but those are not claims properly brought in habeas.

See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002).

For these reasons, the District Court properly declined to grant Reynolds relief.

We will affirm the District Court’s judgment.  Reynolds’ motions are denied.  See

---

[5] Furthermore, we also agree with the District Court that even if it could consider the request in a § 2241 petition, see Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012), Reynolds did not qualify for relief because of the nature of his convictions.  Inmates are ineligible for home detention under the EOHDP if they have been convicted of crimes relating to providing material support to terrorists and terrorist organizations.  See 34 U.S.C. § 60541(g)(5)(A)(ii) & (iii); 18 U.S.C. § 2332b(g)(5)(B)(i) (listing, inter alia, crimes under § 2239A and § 2239B).

O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 763 n.3 (3d Cir. 2021) (citing the established principle that the Court is "a court of review, not of first view"); Felker v. Turpin, 518 U.S. 651, 660–61 (1996) (explaining how Rule 22(a) of the Federal Rules of Appellate Procedure "bar[s] consideration of original habeas petitions in the courts of appeals"); cf. Landano v. Rafferty, 970 F.2d 1230, 1238 & 1239 (3d Cir. 1992) (providing insight about the standard governing release pending appeal under Rule 23(b) of the Federal Rules of Appellate Procedure).