ALD-172                                                    **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT
_____

No. 24-1943
_____

MICHAEL CURTIS REYNOLDS,
                                               Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-01850)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 22, 2024

Before: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: September 13, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2007, after a jury trial in the United States District Court for the Middle District of Pennsylvania, Michael Curtis Reynolds was convicted of the following offenses: (1) attempt to provide material support and resources to a foreign terrorist organization, see 18 U.S.C. § 2339B; (2) attempt to provide material support and resources to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline, see 18 U.S.C. § 2339A; (3) solicitation or inducement of another to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline, see 18 U.S.C. § 373; (4) distribution through the internet of information demonstrating the making or use of an explosive or destructive device, with the intent that the information be used to commit a federal crime of violence, see 18 U.S.C. § 842(p)(2); and (5) possession of an unregistered destructive device (a hand grenade), see 26 U.S.C. § 5861(d). The District Court imposed a sentence of 30 years in prison. We affirmed the District Court's judgment. See United States v. Reynolds, 374 F. App'x 356 (3d Cir. 2010). Thereafter, the District Court denied Reynolds's 28 U.S.C. § 2255 motion on the merits, and we denied a certificate of appealability (COA). See C.A. No. 12-3580. In the years since, Reynolds, an extremely prolific litigant, has unsuccessfully challenged his conviction and incarceration in many ways.

In November 2023, Reynolds returned to the District Court with a petition pursuant to 28 U.S.C. § 2241. He argued that his conviction and sentence violate his

2

rights under the Second Amendment of the United States Constitution.[1]  While his § 2241

petition was pending, Reynolds filed several motions in the District Court, seeking, inter

alia, injunctive relief, a hearing, declaratory judgment, summary judgment, and an order

to show cause.

The District Court dismissed Reynolds' petition for lack of jurisdiction and denied

the pending motions as moot.  Reynolds filed a timely notice of appeal.  In this Court, he

also submits numerous motions, including a motion for bail pending appeal; a motion for

summary reversal; a motion for declaratory judgment that is, in substance, another

challenge to his criminal judgment; and a "motion for clarification" that appears to ask us

to hold that the Attorney General of the United States has waived opposition to his

Second Amendment arguments and appears to call for the recusal of the District Judge.[2]

We have jurisdiction under 28 U.S.C. § 1291.[3]  We exercise plenary review over

the District Court's legal conclusions.  See Cradle v. United States ex rel. Miner, 290

F.3d 536, 538 (3d Cir. 2002) (per curiam).  Upon review, we will summarily affirm the

---

[1] He primarily cited United States v. Quailes, 688 F. Supp. 3d 184 (M.D. Pa. 2023), and
cases discussed therein, including Range v. Attorney General of the United States, 69
F.4th 96 (3d Cir. 2023) (en banc), vacated and remanded sub nom Garland v. Range, No.
23-374, 2024 WL 3259661, at *1 (U.S. July 2, 2024), and New York State Rifle & Pistol
Association v. Bruen, 142 S. Ct. 2111 (2022).

[2] He may also seek a ruling that the Attorney General has waived opposition to his
arguments (presented in other cases and some of his other motions on appeal) based on
United States v. Taylor, 142 S. Ct. 2015 (2022), and United States v. Tsarnaev, 968 F.3d
24 (1st Cir. 2020), overruled on other grounds, 142 S. Ct. 1024 (2022).

[3] Reynolds, a federal prisoner, does not require a COA to appeal from the order denying
his § 2241 petition.  See United States v. Cepero, 224 F.3d 256, 264 (3d Cir. 2000),
abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641, 647 n.1 (2012).

District Court's judgment because no substantial issue is raised on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The District Court could not entertain a § 2241 petition from Reynolds unless "it . . . appear[ed] that the remedy by [§ 2255] motion [was] inadequate or ineffective to test the legality of [his] detention." 28 U.S.C. § 2255(e). The Supreme Court has interpreted § 2255(e) (also known as the saving clause) to mean that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023).

Because those unusual circumstances are absent from Reynolds' collateral attack on his criminal judgment, see Jones, 599 U.S. at 504 (J. Jackson, dissenting) (providing examples of such circumstances), he cannot bring his claims under § 2241. And this is true even if he is unable to satisfy the conditions of § 2255(h) to bring his claims. See Jones, 599 U.S. at 480 ("The inability of a prisoner . . . to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."); Voneida v. Johnson, 88 F.4th 233, 235 (3d Cir. 2023) (explaining that Jones "established that the limitations on second or successive motions set forth in 28 U.S.C. § 2255(h) do not make § 2255 'inadequate or ineffective' such that a prisoner must pursue a remedy under § 2241"); Cradle, 290 F.3d at 539.

4

Accordingly, the District Court properly dismissed Reynolds' § 2241 petition for lack of jurisdiction.[4] To the extent that Reynolds challenges the disposition of the motions he filed in the District Court, we discern no error in the District Court's decision to decline to grant relief on them in the absence of jurisdiction over the action. We will affirm the District Court's judgment. Reynolds' motions are denied. See O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 763 n.3 (3d Cir. 2021) (citing the established principle that the Court is "a court of review, not of first view"); Felker v. Turpin, 518 U.S. 651, 660–61 (1996) (explaining how Rule 22(a) of the Federal Rules of Appellate Procedure "bar[s] consideration of original habeas petitions in the courts of appeals"); cf. Landano v. Rafferty, 970 F.2d 1230, 1238 & 1239 (3d Cir. 1992) (providing insight about the standard governing release pending appeal under Rule 23(b) of the Federal Rules of Appellate Procedure).

---

[4] In light of Reynolds' call for the District Judge's recusal, we have examined the record for any evidence of bias and have found none.